Daniel, J.
 

 Before the statute 32 H. 8, ch. 28, when a husband discontinued, by fine or settlement, the freehold of the lands held by him in right of his wife, or when he was disseised'of the same, and neglected to recover the possession of the same during the coverture, she or her heirs on his death, were driven to their action Cui
 
 in
 
 Vita, or
 
 Sur Cui in Vita
 
 to regain the said land. But the above statute gave the wife and her heirs a right of entry into her land, on the death of the husband. And they thereafter, were enabled to bring any of those real actions, which another person could then bring, who had a right of entry into land. In all these actions where the plaintiff declared upon his own seizin or possession therein, he or she was, by the statute 32 H. 8 ch. 2 sec. 3, compelled to bring his or her action within thirty years, or be barred of his or her right of
 
 entry;
 
 and were thereafter driven to his or her
 
 writ of right.
 
 Bui under and since these statutes, if husband and wife had joined in a deed of
 
 bargain and sale,
 
 which was afterwards enrolled, the wife might
 
 enter,
 
 after her husband’s death, although she was a party to the deed; against which, she might plead
 
 non est factum,
 
 10 Rep. 42. 1 Roper on Husband and wife, 60. This was the law, because the statute of uses, (27 H. 8.) transferred only that use to the possession, which the husband had;
 
 *636
 
 and that could only be an estate during the coverture, utííess ^la(^ a born alive during the coverture, and then an. estate by curtesy, during his life,-would pass. The bare signing and sealing of the deed by the wife, was perfectly a
 
 void
 
 act. The husband has a particular estate in- the lands of his wife, Which he may alien, and the possession of his vendee, although held by a deed of
 
 bargain and sale,
 
 professing to transfer a fee from the husband and wife, is still in law no more or larger estate than the husband had a right to transfer; for the statute of uses transferred that, and no more. Then the estate in possession of such a vendee,- and the remainder in fee in the wife, formed but different parts of one and the same entire estate ;' and the possession of the former will not be
 
 adverse,
 
 so as to bar the latter' by force of the statuté of limitations.- The possession of the particular tenant, is never adverse to the title of him in remainder or reversion.
 
 Taylor
 
 v. Horde, 1 Burr. 60.
 
 Doe ex dem. Fisher
 
 v.
 
 Prosser,
 
 Cowp. 218. 2 Roscoe on Real Actions, 504; and the possession of the husband’s bargainee in fee is the same, as if the deed were expressly for the husband’s and- wife’s estate. The wife of Fagan had no right of entry during her life; nor did her heirs at law have any such right of eniry, until the death-of Fagan in the year 1839; and the possession of the defendant, and those under whom she derives title,- was not
 
 adverse,
 
 until the death of Fagan in 1839. And then did a right of action for the land
 
 first accrue
 
 to Mrs. Fagan, had she been alive, or to her heirs. Had Mrs.- Fagan been alive at the time of the death of her husband, she would not have been driven to the necessity of invoking the saving
 
 proviso of
 
 three years' in the act of limitations, because no time had ever commenced running against her, while she was-
 
 covert,
 
 as, during the life of her husband, she would not have had a right of entry. Time would have begun to run against Iter only from the period she had a right to enter; and that could not have been until the death of her husband, when she would have been a
 
 feme sole.
 
 And that being the first time an action could have been brought by her, (as those in possession under Fagan
 
 *637
 
 could not say they, before that time, held adversely to her, she and her heirs, like all other persons, had seven years to commence their action, before her or their right of entry would be tolled by force of the statute of 1715. That time had not run when this action was commenced, and of course the right of action still remained to the lessors of the plaintiff, who are the heirs at law of Mrs. Fagan. If Walker had entered into these lands as a disseisor or wrong doer, and Fagan had then neglected to enter in right of himself and wife, and more than seven years had run, while the wrong doer had held an adverse possession,- then, on the death of Fagan, she could have had but three years, under the saving proviso, to have entered. Why
 
 1
 
 Because seven years had already run against her, after her right of entry had first accrued. But this adverse possession shall not hurt her, (says the statute) .because she was, during all the time, a
 
 feme covert;
 
 she still shall have
 
 three
 
 years after the death of 'her negligent husband to bring her action. The
 
 proviso
 
 was intended to save the rights of entry of females, who had been placed in this predicament by the
 
 laches
 
 of the husband, permitting seven years adverse possession to run from the time his wife had
 
 first
 
 a right of action for her land, and which action he had omitted to bring for her. But the right of entry of a person out of possession was not barred by the Stab 21 Jas. 1, c. 16, unless the possession of the party in possession was
 
 adverse
 
 to the party having the right to the reversion. And there could be no adverse possession, where the party in possession held the estate consistent with that of the party entitled, who was out. of possession. Brown on actions at Law, 30, The only difference between the statute of
 
 Jas.
 
 and our statute of limitations, consists in the length of time mentioned in each. The English siatnte tolled the entry generally after twenty years; ours, after seven years adverse possession, (with a col- or of title say the courts.) Those persons who were under disability had ten years by , the
 
 Stat. Jas.
 
 ; here, but three years after disability removed. The second section . of the original act of 1715 is not brought forward in our Rev. Stat’s,
 
 *638
 
 and the case before us rests on the law as it stood on the death of Fagan. And we think, by that law, that the lessors of the plaintiff had seven years from that period to make their entry: kecause the freehold life estate, that was in Mrs. Walker, was not adverse,- but was consistent with the reversion in fee, that was in Mrs. Fagan and her heirs. These two estates were but parts of one entire estate in fee simple; and the possession of Walker could not be adverse to the right of Mrs. Fagan and her heirs, until the death of Fagan, the husband. And as we have before said, the fight of entry of the heirs of Mr. Fagan
 
 then first accrued. They
 
 therefore stand, like all other persons not laboring under disability, and have seven years to bring their suit from the death of the tenant by the curtesy. We have been the more lengthy in these remarks in consequence of a different decision, which We'find reported,
 
 Jones
 
 v. Clayton,
 
 2
 
 Murp. 62, which we cannot follow. The jury found a special verdict for the plaintiff, subject to the opinion of the Court; whereupon, the Court gave judgment for the defendant, and the lessors of the plaintiff appealed.— We are of opinion, that the said judgment must be reversed, and judgment rendered for the plaintiff upon the said verdict.
 

 Pee Curiam, Judgment accordingly.